**Joe Leonard LAMBRIGHT,
Petitioner–Appellant,**

v.

**Terry STEWART, Director, Arizona
Department of Corrections,
Respondent–Appellee.**

**Robert Douglas Smith, Petitioner–
Appellant,**

v.

**Terry Stewart, Director, Arizona
Department of Corrections,
Respondent–Appellee.**

Nos. 96–99020, 96–99025, 96–99026.
D.C. Nos. CV–87–235–TUC–RMB,
CV–87–234–TUC–RMB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 17, 2000.

Decided March 6, 2001.

Before FERGUSON, REINHARDT, and THOMPSON, Circuit Judges.

MEMORANDUM *

Because the facts of this case are set forth in our en banc opinion, we do not repeat them here. *See Lambright v. Stewart,* 191 F.3d 1181, 1182–83 (9th Cir.1999) (en banc). We have jurisdiction under 28 U.S.C. § § 1291, 2253(a). Upon careful consideration of the record and briefs filed by the parties, we affirm the conviction and reject one ground for reversing the sentence.

**A.** *Ineffectiveness of Counsel at the Guilt Phase*

We reject the petitioners' contention that they were denied their right to the effective assistance of counsel at the guilt stage. Failure to investigate a defendant's mental impairments may constitute ineffective assistance of counsel. *See, e.g., Hendricks v. Calderon,* 70 F.3d 1032, 1043–44 (9th Cir.1995). The petitioners, however, have failed to show that this failure prejudiced the defense at the guilt phase.

**B.** *The Trial Court's Failure to Instruct on a Lesser Included Offense*

We reject Smith's argument that he was entitled to an instruction on a lesser included offense for several reasons. First, the jury was not presented with an all-or-nothing situation, as it was in *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), because it could have convicted him on the charges of kidnap-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ping and rape. Moreover, because the kidnaping was still in progress at the time of the killing, he was not entitled to a another instruction. Finally, we are persuaded by the district court's view that the evidence did not warrant a second degree murder instruction because Smith's act of choking Owen was just the first act in the course of attempting to kill her. *Hopper v. Evans*, 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (due process requires that a lesser included offense instruction be given only when the evidence warrants the instruction).

■ Given the overwhelming evidence indicating that Lambright's killing of Owen was premeditated, the evidence does not support the giving of a lesser included instruction in his case either. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1031 (9th Cir.1997).

### C. The Trial Court's Instruction on Felony–Murder

■ We reject the petitioners' claim that the faulty instruction infected the entire trial and that the resulting convictions violate due process. We note that neither petitioner objected to the instruction at trial and that "[i]t is a rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). After reviewing the record, we conclude that there is no reasonable likelihood that the jury understood the instructions to allow a conviction based on insufficient proof. *See Boyde v. California*, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990); *see also Ramirez v. Hatcher*, 136 F.3d 1209, 1211 (9th Cir.1998). We base our conclusion on the fact that the court correctly

instructed the jury twice about the elements of felony murder before providing an improper definition. There is no reasonable likelihood that the jury disregarded the correct instruction when the court later provided the faulty one. More important, the evidence demonstrated that the murder was in the course of and in furtherance of the underlying crimes of kidnapping and sexual assault.

### D. The County Attorney's Testimony

■ We reject the petitioners' argument that the trial court erred in allowing Deputy County Attorney Paul Banales to testify at trial. Banales testified that he was involved in the investigation and that Foreman's story about the offense did not change throughout the course of the investigation. We conclude that *United States v. Kenney*, 911 F.2d 315 (9th Cir.1990), controls. There, as here, a person associated with the prosecution testified about the investigation and preparation of the case, but did not comment on the defendant's guilt. We held that, "the mere fact that [the witness] was associated with the prosecution did not disqualify him as a witness" because his testimony was necessary to rebut charges of improper influence and he did not comment on the defendant's credibility or guilt.

### E. Whether the Especially Heinous, Atrocious or Cruel Aggravator Applies in this Case

■ We reject the argument that the aggravating factor does not apply. The trial court clearly found that the petitioners subjected Owen to both mental anguish and physical abuse before her death. The record supports this finding. Concurrently herewith we file separate opinions relating to each of the petitioners in which we reverse the district court's ruling as to the claim of ineffective assistance of counsel at

sentencing for the reasons stated therein. Accordingly, the judgement below is

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings consistent with the separate opinions.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.